UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x

PEARSON EDUCATION, INC.,          :
JOHN WILEY & SONS, INC.,
CENGAGE LEARNING INC. AND         :
THE MCGRAW-HILL COMPANIES, INC.,
                                  :
                 Plaintiffs,
                                  :
        -against-
                                  :
ALIBRIS, INC., JOHN DOE D/B/A
BOOKRAIN, JOHN DOE D/B/A           :
EDUCATIONAL MEDIA CENTRE D/B/A
EMCBOOKS AND JOHN DOE NOS. 1-5,    :

                 Defendants.      :

- - - - - - - - - - - - - - - - - x



JUDGE CROTTY

09 CIV    6178

09 Civ.

RECEIVED
JUL 09 2009
U.S.D.C. S.D.N.Y.
CASHIERS

COMPLAINT

Plaintiffs Pearson Education, Inc. ("Pearson"), John
Wiley & Sons, Inc. ("Wiley"), Cengage Learning Inc. ("Cengage")
and The McGraw-Hill Companies, Inc. ("McGraw-Hill"), by their
undersigned attorneys, for their complaint against defendants
Alibris, Inc. ("Alibris"), John Doe d/b/a Bookrain, John Doe
d/b/a Educational Media Centre d/b/a EMCbooks and John Doe Nos.
1 through 5, aver:

### Nature of the Action

1.  Plaintiffs are bringing this action to enforce
their copyrights against the unlawful sale in the United States
of non-United States versions of plaintiffs' educational books.

## Jurisdiction and Venue

2.    This Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1331 and 1338 because they arise under the Copyright Act, 17 U.S.C. § 101 et seq.

3.    This Court has personal jurisdiction over the defendants in this action pursuant to CPLR § 302(a)(1) because they contracted to sell, sold, or contributed to the sale of infringing goods into the State of New York.

4.    Upon information and belief, venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(a).

## Parties

5.    Pearson is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at One Lake Street, Upper Saddle River, New Jersey 07458.

6.    Wiley is a corporation organized and existing under the laws of the State of New York with its principal place of business at 111 River Street, Hoboken, New Jersey 07030.

7.    Cengage is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 200 First Stamford Place, 4th Floor, Stamford, Connecticut 06902.

2

8.   McGraw-Hill is a corporation organized and existing under the laws of the State of New York with its principal place of business at 1221 Avenue of the Americas, New York, New York 10020.

9.   Upon information and belief, defendant Alibris is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 1250 45th Street, Suite 100, Emeryville, California 94608.

10.   Upon information and belief, defendant John Doe d/b/a Bookrain is a third-party seller on Alibris.com, whose identity is presently unknown to plaintiffs.

11.   Upon information and belief, defendant John Doe d/b/a Educational Media Centre d/b/a EMCbooks is a third-party seller on Alibris.com whose identity is presently unknown to plaintiffs.

12.   Upon information and belief, defendants John Doe Nos. 1 through 5 are third-party sellers on Alibris.com, whose identities are presently unknown to plaintiffs.

### The Businesses of Plaintiffs

13.   Each plaintiff publishes a variety of works, including educational books.

14.   As a standard practice, each plaintiff requires its authors to assign the copyright to it, or grant it the exclusive rights of reproduction and distribution in the United

3

States.   This practice enables each plaintiff to maximize dissemination of each work.

15.   Plaintiffs invest significant monies to publish their copyrighted works.   Plaintiffs, for example, make substantial investments in royalties, content creation, licensing, copyediting, proofreading, typesetting, layout, printing, binding, distribution, and promotion.

16.   Plaintiffs earn a substantial portion of their revenue from the publication of their copyrighted works and would suffer serious financial injury if their copyrights were not enforced.   A substantial decline in their income could cause plaintiffs to cease publishing one or more deserving books or journals.   This would adversely impact the creation of new works, scholarly endeavor, and scientific progress.

17.   Plaintiffs' educational books authorized for sale in the United States are of the highest quality (the "United States Editions").   These books are generally printed with strong, hard-cover bindings with glossy protective coatings and, in some cases, contain extra features such as sewn ribbon bookmarks.   Plaintiffs frequently offer academic supplements, such as CD-ROMs, computer passwords that provide purchasers with access to academic websites corresponding to the textbooks, and study guides with the United States Editions.

4

18.  Plaintiffs generally create different versions of
their educational books that are intended for sale in specific
geographic markets outside of the United States (the "Foreign
Editions").  The Foreign Editions materially differ from the
United States Editions.  The Foreign Editions have thinner paper
and different bindings, different cover and jacket designs,
fewer internal ink colors, if any, lower quality photographs and
graphics, and generally lower prices than the United States
Editions.  Also, the Foreign Editions often lack academic
supplements, such as CD-ROMs, website passwords, or study
guides.  The Foreign Editions are generally marked to
indicate their lower cost by a legend indicating, in substance,
that the title is a "Low Price Edition" and/or authorized for
sale only in a particular country or geographic region.  The
Foreign Editions are uniformly manufactured outside of the
United States.

### Plaintiffs' Copyrights

19.  Plaintiffs routinely register their copyrights.
Pearson has generally registered its copyrights in its works,
including those identified on Schedule A (the "Pearson
Copyrights").  Wiley has generally registered its copyrights in
its works, including those identified on Schedule B (the "Wiley
Copyrights").  Cengage has generally registered its copyrights
in its works, including the work identified on Schedule C (the

"Cengage Copyright"). McGraw-Hill has generally registered its copyrights in its works, including those identified on Schedule D (the "McGraw-Hill Copyrights").

<u>The Infringing Acts of Defendants</u>

20. Upon information and belief, defendants Alibris, John Doe d/b/a Bookrain, and John Doe d/b/a Educational Media Centre d/b/a EMCbooks have, without permission, purchased Foreign Editions of plaintiffs' books manufactured outside of the United States and resold them to purchasers in the United States, including the State of New York, through the Internet at websites including, but not limited to, Alibris.com, with the usernames including, but not limited to, Bookrain, Educational Media Centre and EMCbooks.

21. Upon information and belief, Alibris has knowingly induced users of Alibris.com, including but not limited to John Doe d/b/a Bookrain and John Doe d/b/a Educational Media Centre d/b/a EMCbooks, to unlawfully import and sell in the United States, without permission, Foreign Editions of plaintiffs' books manufactured outside of the United States. The acts of Alibris that constitute inducement of infringement include, but are not limited to, advertising the sale of Foreign Editions in the United States on its website, Alibris.com; arranging for the importation of Foreign Editions from foreign sellers into the United States; repackaging, or allowing the repackaging of, the

6

imported Foreign Editions with a return address and invoice indicating that the package originated from an Alibris facility in the United States; and shipping, or arranging the shipment of, the Foreign Editions to United States purchasers. Alibris has materially contributed to these infringing acts.

### FIRST CLAIM FOR RELIEF
(Copyright Infringement - 17 U.S.C. § 501)

22. Plaintiffs repeat the averments contained in paragraphs 1 through 21 as if set forth in full.

23. Pearson has received United States Certificates of Copyright Registration for the Pearson Copyrights.

24. Wiley has received United States Certificates of Copyright Registration for the Wiley Copyrights.

25. Cengage has received a United States Certificate of Copyright Registration for the Cengage Copyright.

26. McGraw-Hill has received United States Certificates of Copyright Registration for the McGraw-Hill Copyrights.

27. The Pearson, Wiley, Cengage and McGraw-Hill Copyrights are valid and enforceable.

28. Defendants have infringed the Pearson, Wiley, Cengage and McGraw-Hill Copyrights in violation of 17 U.S.C. § 501.

29.   The acts of defendants have irreparably damaged and, unless enjoined, will continue to irreparably damage plaintiffs.   Plaintiffs have no adequate remedy at law for these wrongs and injuries.   Plaintiffs are, therefore, entitled to a preliminary and permanent injunction restraining and enjoining defendants and their agents, servants, employees, and attorneys and all persons acting in concert with them, from infringing the Pearson, Wiley, Cengage and McGraw-Hill Copyrights.

30.   Defendants have willfully infringed the Pearson, Wiley, Cengage and McGraw-Hill Copyrights.

31.   Plaintiffs are entitled to recover all damages sustained as a result of the unlawful conduct of defendants including (1) the defendants' profits, or (2) plaintiffs' damages, or alternatively (3) statutory damages.

SECOND CLAIM FOR RELIEF
(Contributory Copyright Infringement - 17 U.S.C. § 501)

32.   Plaintiffs repeat the averments contained in paragraphs 1 through 31 as if set forth in full.

33.   Alibris has knowingly induced others, including but not limited to John Doe d/b/a Bookrain and John Doe d/b/a Educational Media Centre d/b/a EMCBooks, to import and sell Foreign Editions of plaintiffs' books in the United States, which they have done, in violation of plaintiffs' rights.

34.   Alibris has willfully contributed to the infringement of the Pearson, Cengage, Wiley and McGraw-Hill Copyrights.

35.   Plaintiffs are entitled to recover all damages from Alibris sustained as a result of its unlawful conduct, including (1) the profits of Alibris, or (2) plaintiffs' damages, or alternatively (3) statutory damages.

WHEREFORE, plaintiffs demand judgment:

A.    Preliminarily and permanently enjoining defendants, their agents, servants, employees, and attorneys and all those acting in concert with them from infringing or contributing to the infringement of the Pearson, Wiley, Cengage and McGraw-Hill Copyrights in violation of 17 U.S.C. § 501;

B.    Awarding plaintiffs their damages or defendants' profits, or alternatively, at plaintiffs' election, statutory damages, as a result of defendants' willful infringement of the Pearson, Wiley, Cengage and McGraw-Hill Copyrights;

C.    Directing that defendants engage in such additional activities, including, but not limited to, recalls of products and corrective advertising, as may be necessary and appropriate to mitigate the damage defendants have caused;

D.    Awarding plaintiffs their costs in this action, including their reasonable attorneys' fees pursuant 17 U.S.C. § 505; and

E.    Granting such other and further relief as to this Court seems just and proper.

Dated:  New York, New York
        July 9, 2009

                                  DUNNEGAN LLC

                                  By_____
                                     William Dunnegan (WD9316)
                                     wd@dunnegan.com
                                     Laura Scileppi (LS0114)
                                     ls@dunnegan.com
                                  Attorneys for Plaintiffs
                                     Pearson Education, Inc.,
                                     John Wiley & Sons, Inc.,
                                     Cengage Learning Inc., and
                                     The McGraw-Hill Companies, Inc.
                                  350 Fifth Avenue
                                  New York, New York 10118
                                  (212) 332-8300

10

Schedule A
"Pearson Copyrights"

<u>Title</u>   (<u>Date of Registration</u>) (<u>Registration #</u>)

1. Business Logistics/Supply Chain Management (November 4, 2003) (TX0005830610).

2. Discrete-Time Control Systems (December 21, 1994) (TX0003979539).

3. Introduction to Cryptography with Coding Theory (March 5, 2008) (TX0006843815).

4. Introduction to Electrodynamics (March 25, 1999) (TX0004950391.

5. Introduction to Materials Management (July 20, 2000) (TX0005138465).

6. Introduction to Mathematical Statistics (July 22, 2004) (TX0006003451.

7. Modern Data Warehousing, Mining, and Visualization: Core Concepts (February 4, 2003) (TX0005671885).

8. Wireless Communications & Networks (October 9, 2001) (TX0005447872).

Schedule B
"Wiley Copyrights"

<u>Title</u>        <u>(Date of Registration)</u>      <u>(Registration #)</u>

1. Educational Testing and Measurement, Seventh Edition
   (January 29, 2003) (TX0005668740).

2. Linear Algebra: Ideas and Applications, Second Edition
   (October 18, 2004) (TX0006051491).

3. Microbiology: Principles and Explorations, Second Edition
   (January 12, 1993) (TX0003467410).

Schedule C
"Cengage Copyright"

<u>Title</u>   (<u>Date of Registration</u>)   (<u>Registration #</u>)

1. Embedded C Programming and the Microchip PIC, (January 13, 2005)(TX0005870642).

Schedule D
"McGraw-Hill Copyrights"

| Title | Registration # | Date of Registration |
| --- | --- | --- |

1. Economics, (August 5, 2004)(TX0006037505).

2. J2me: The Complete Reference, (March 7, 2003)
   (TX0005714864).